IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　Defendants. | No. 2:18-CV-2726-MCE-DMC-P<br><br>FINDINGS AND RECOMMEDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's first amended complaint (ECF No. 14) and Plaintiff's motion to amend (ECF No. 15). Plaintiff alleges the board of parole hearings violated the language and purpose of the nonviolent offense constitutional mandate to "exclude enhancement" along with other ambiguous constitutional violations.

**I. SCREENING REQUIREMENT AND STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

1

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Here, Plaintiff seems to allege Defendants violated several unidentified constitutional provisions during his parole hearing and throughout his parole process. Plaintiff seems to be challenging the decision of the parole board without alleging any specific constitutional or statutory violation. Additionally, Plaintiff seems to be asserting violations of the California constitution not the U.S. Constitution. In fact, in describing his injury, Plaintiff states he is being unconstitutionally detained beyond his authorized release date and is suffering irreparable harm based on fabricated interpretations of the new "CA Const."

///

## III. DISCUSSION

### A. First Amended Complaint

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff's complaint fails to state a cognizable claim upon which relief can be granted. The complaint is not only unclear, but also fails to assert a legitimate federal basis for any of the asserted claims. Though Plaintiff makes several vague statements that his constitutional rights are being violated, it is wholly unclear which specific constitutional rights Plaintiff claims are being violated, how they are being violated, and who Plaintiff believes is violating them. For this reason, Plaintiff has not satisfied the pleading standard under Rule 8. Additionally, Plaintiff's complaint primarily takes issue with the California Department of Corrections and the California Parole Board's determination that he was not eligible for early parole. Baring a constitutional violation, of which there appears to be none, this is exclusively an issue of state law and as Plaintiff noted, state constitutional law. For that reason, because no federal basis is present, this court also lacks jurisdiction to address the issues as they relate to California state law.

///

Further, even if one could read Plaintiff's complaint to state a cognizable federal constitutional violation it would likely be Heck-barred. Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or impact the results of a prison disciplinary hearing imposing a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

Plaintiff is asserting he is currently being wrongfully imprisoned. Thus, even though Plaintiff seeks monetary damages, any victory on the merits here would necessarily imply the invalidity of Plaintiff's continued incarceration. In this Court's November 26, 2018, screening order Plaintiff was given the opportunity to plead additional facts indicating whether Plaintiff indeed prevailed on his state habeas petition. Plaintiff's first amended complaint contains no facts indicating such a success occurred. For that reason, this Court finds, in addition to the Rule 8 and jurisdictional deficiencies, that Plaintiff's claims are also Heck-barred.

///

///

///

There is no indication that further amendment would cure any and all of the defects identified by this Court. Plaintiff's failure to cure the deficiencies outlined in the previous screening order is demonstrative of this fact. Thus, this court recommends Plaintiff's first amended complaint be dismissed without leave to amend.

**B.     Motion to Amend**

Because this Court is recommending Plaintiff's first amended complaint be dismissed without leave to amend for the reasons outlined above, this Court also recommends Plaintiff's motion to amend be DENIED.

## IV.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Plaintiff's first amended complaint (ECF No. 14) be DISMISSED with prejudice and Plaintiff's motion to amend (ECF No. 15) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 15, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE