# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | No. 2:18-cv-02726-MCE-DMC-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983. Final judgment was entered on July 19, 2019. See ECF No. 19. Pending before the Court in this closed case is Plaintiff's second motion to re-open. See ECF No. 23.

In his motion, plaintiff argues that relief is appropriate under Federal Rule of Civil Procedure 60(b). See ECF No. 23, pg. 1. The Court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. See Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought within

1

one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).  Under Rule 60(b), the Court may also grant reconsideration based if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief.  See Fed. R. Civ. P. 60(b)(4)-(6).  A motion for reconsideration on any of these grounds must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

While Plaintiff references Rule 60(b)(1)-(3) in the caption of his motion, see ECF No. 23, pg. 1, he does not specify which ground warrants relief in this particular case.  Plaintiff's motion is bereft of any justification for this Court's reconsideration.  Moreover, the instant second motion to re-open under Rule 60(b)(1)-(3) is untimely because it was filed on January 19, 2021, which is more than one year following entry of final judgment on July 19, 2019.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to re-open, ECF No. 23, is denied.

IT IS SO ORDERED.

Dated:  May 4, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE